|   |   |
|---|---|
| BARBARA SHREVES,<br><br>       Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>       Defendant. | CASE NO. C17-5126-MAT<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Plaintiff Barbara Shreves proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1969.[1] She has an eleventh-grade education and GED, and

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

has worked as a cashier and in-home caregiver. (AR 35-36, 204.)

Plaintiff applied for DIB in November 2013. (AR 172-78.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 96-98, 107-13.)

On March 12, 2015, ALJ Kelly Wilson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 30-72.) On July 31, 2015, the ALJ issued a decision finding Plaintiff not disabled. (AR 12-25.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 10, 2017 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since October 15, 2013, the amended alleged onset date. (AR 14.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's irritable bowel syndrome, diabetes mellitus, neuropathy, morbid obesity, and post-traumatic stress disorder. (*Id*.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 15-16.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a reduced range of light work as defined in 20 C.F.R. § 404.1567(b). She can lift/carry 25 pounds occasionally and 20 pounds frequently. She can stand/walk for six hours and sit for six hours, out of an eight-hour workday. She can occasionally climb ladders, ropes, and scaffolds. She must avoid concentrated exposure to workplace hazards, such as moving machinery and unprotected heights. She should have close access to a bathroom. She can have superficial contact with the public. (AR 16.) With that assessment, the ALJ found Plaintiff unable to perform her past relevant work. (AR 24.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found Plaintiff capable of performing other representative occupations, including production assembler; assembler, electrical; and bottle packer. (AR 24-25.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) failing to include lumbar strain as a severe impairment at step two; and (2) purporting to credit the opinion of examining physician James Symonds, M.D.,

but failing to account for all of the limitations he indicated. The Commissioner argues that if the ALJ erred at step two, it was harmless, and concedes that the ALJ erred in assessing Dr. Symonds' opinion, but contends that this error is also harmless, and thereby asks for the Court to affirm the ALJ's decision.

### Dr. Symonds' opinion

Dr. Symonds examined Plaintiff in January 2014. (AR 340-46.) He concluded, *inter alia*, that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, and that "[t]here should be frequent changes in the sitting and standing position." (AR 345.) The ALJ gave "significant weight" to Dr. Symonds' opinion, but found Plaintiff could lift 25 pounds occasionally and 20 pounds frequently, and did not address Plaintiff's need to change between sitting and standing in the RFC assessment. (AR 16, 22.)

The Commissioner concedes that the ALJ erred in failing to fully account for Dr. Symonds' opinion. Dkt. 15 at 3-4; Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). She contends that these errors are harmless, because Plaintiff has not shown that if the ALJ had included the omitted limitations in the RFC assessment, she would be unable to perform the jobs identified at step five.

The Court agrees that the ALJ's error is harmless as to the lifting and carrying restrictions, because the jobs identified at step five are classified as light jobs, which require lifting/carrying no more than the amounts indicated by Dr. Symonds. *Compare* AR 25 (step-five findings) *with* 20 C.F.R. § 404.1567 (definition of light work).

But the Court does not agree that the ALJ's failure to address Plaintiff's need to change between sitting and standing is harmless. The Commissioner contends that the ALJ's VE

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

1  hypothetical, which includes four bathroom breaks, in addition to standard morning and afternoon
2  breaks plus lunch, would allow Plaintiff to change position in a manner consistent with Dr.
3  Symonds' opinion. Dkt. 15 at 4 (citing AR 68). But Dr. Symonds' opinion seems to contemplate
4  that Plaintiff is frequently changing position while performing her job, because Dr. Symonds did
5  not refer to a need for breaks, and it is not clear that changing position once per hour is consistent
6  with the frequency he intended. The Court cannot find the ALJ's VE hypothetical to be consistent
7  with Dr. Symonds' opinion, and therefore the ALJ's failure to account for all of Dr. Symonds'
8  opinion is not harmless error. On remand, the ALJ shall reconsider all of the limitations found in
9  Dr. Symonds' opinion.

10  Because this error requires remand, the ALJ shall also reconsider Plaintiff's lumbar strain
11 at step two. Dr. Symonds diagnosed this condition, but the ALJ did not mention it or include it at
12 step two. (AR 14, 345.) Although the Commissioner argues that any step-two error is harmless
13 (Dkt. 15 at 2-3), the Court need not reach this issue because the ALJ will have another opportunity
14 to reconsider the severity of Plaintiff's lumbar strain on remand.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 18th day of September, 2017.

Mary Alice Theiler
United States Magistrate Judge